IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-045 |
| | ) | |
| KEITH PARIS RUFFIN | ) | |

## **MEMORANDUM AND ORDER**

The defendant is scheduled for sentencing on September 29, 2011. On May 6, 2011, he filed 16 objections to his presentence investigation report ("PSR"). In response to those objections, the probation office has revised the PSR as to the amount of drugs for which the defendant is held accountable, and as to the calculation of his criminal history points. Those revisions notwithstanding, the defendant continues to object "for the reasons stated in his original Objections submitted on May 6, 2011."

The court has considered the revised PSR and the defendant's objections. For the reasons provided herein, the objections will be overruled in their entirety.

I.

Objections 1 and 2

On January 3, 2011, the defendant filed a post-trial motion for judgment of acquittal [doc. 650]. That motion was denied [doc. 707]. Through his first two objections the defendant now appears to renew certain challenges to both the evidence presented at trial and the jurors' verdict. He objects to paragraphs 24 and 25 of the PSR, which summarize testimony by Jamie Rush and Betsy Ulibarri. These paragraphs, however, do not affect the

defendant's sentence. His objections 1 and 2 therefore need not be addressed further by the court. *See* Fed. R. Crim. P. 32(i)(3)(B).

II.

Objections 4, 6, 10, 11, and 12

The jury found the defendant guilty of, *inter alia*, witness tampering and money laundering conspiracies. Based on those convictions, the PSR increases the defendant's offense level by two (¶ 41) for obstruction of justice and by two (¶ 44) for money laundering. In his objections 4, 6, 10, 11, and 12, the defendant complains that these two upward adjustments are not supported by any evidence presented at trial.

In its memorandum and order denying the motion for judgment of acquittal, the court has already cited evidence upon which a reasonable jury could have convicted the defendant on the money laundering and witness tampering counts [doc. 707, p.5]. No further discussion of the issue is necessary. To the extent that the defendant's objections relate to his dissatisfaction with the verdict and fact-finding of his jury, or the court's denial of his motion for judgment of acquittal, he is misplaced in using his PSR objections as the avenue for voicing those complaints.

III.

Objections 3, 5, 7, and 9

The jury also found the defendant guilty of conspiracies involving more than five kilograms of powder cocaine and more than 50 grams of cocaine base ("crack"). The PSR, as originally written, holds the defendant accountable for five kilograms of powder cocaine and 1.8

2

kilograms of crack, converting to a marijuana equivalent of 7,427.8 kilograms and a base offense level of 34. Through his objections 3, 5, 7, and 9, the defendant collectively objects that "there is no basis for or finding of fact of record from which to establish the types and quantities of drugs as stated therein."

The court agrees that, as originally written, the PSR did not cite a sufficient factual basis to support a cocaine base calculation of 1.8 kilograms. As originally written, the PSR at paragraph 28 placed undue reliance on the defendant's July 14, 2010 statement to law enforcement officers in which he admitted cocaine dealing as early as 2001. However, the defendant's statement does not indicate any involvement in the charged conspiracy until the beginning of 200$\underline{7}$. The 2001 and 2004 cocaine dealing admitted in the defendant's statement cannot properly be considered relevant conduct in this case. *See* U.S.S.G. § 1B1.3(a)(1).

However, as noted above, the PSR has been revised. The defendant is still held accountable for 5 kilograms of powder cocaine but, in reliance on a more precise citation to the July 2010 statement, the crack cocaine amount has been reduced from 1.8 to 1.09 kilograms. As also noted above, the defendant objects to this revision "for the reasons stated in his original Objections submitted on May 6, 2011," but the reasoning offered in his original objections - that the calculation is unsupported by the evidence - is now without merit.

As for powder cocaine, the PSR holds the defendant accountable for the lowest possible amount that is consistent with the jury's verdict. As for cocaine base, the Report of Investigation pertaining to the defendant's July 14, 2010 statement reads in material part,

8. RUFFIN stated that he started selling cocaine and crack cocaine again in 2007. RUFFIN stated that MADDOX was his, RUFFIN's, main source of supply during this time period. RUFFIN stated that he obtained 1/2 ounce of crack cocaine every couple of days for about 3 months. RUFFIN stated that MADDOX explained to RUFFIN how to get his clientele up and then MADDOX began fronting RUFFIN 4 ounces of crack cocaine at a time every 3 to 4 weeks for about 3 months.

9. RUFFIN stated that MADDOX left town again for a few months in 2007. RUFFIN stated that when MADDOX came back to town in August 2007 he, RUFFIN, began buying 1/2 ounce of crack cocaine at a time and began to build his way back up to 2 ounces of crack cocaine at a time once a month for 2 to 3 months.

10. RUFFIN stated that in January 2008, he was buying 1/2 ounce of crack cocaine from MADDOX every couple of days until MADDOX left town again.

The court finds that the above-cited numbers easily support a quantity of 1.09 kilograms of crack cocaine. By the court's calculation, that amount plus the 5 kilograms of powder cocaine convert to a marijuana equivalent of approximately 4,900 kilograms. Accordingly, the defendant remains at a base offense level of 34. His objections to his base offense level are overruled.

IV.

Criminal History Points

By his objections 13 through 15, the defendant argues that the PSR incorrectly assigns criminal history points for stale convictions at paragraphs 60 through 64 because "the evidence even when taken as true would not establish a commencement date prior to 2007." The court agrees in part.

Paragraph 60 of the PSR assigns a criminal history point for a one-year sentence imposed in 1995. Since it appears that the defendant's involvement in the instant conspiracy cannot be shown to have commenced prior to January 2007, the conviction in paragraph 60 should not count in the defendant's criminal history calculation. *See* U.S.S.G. § 4A1.2(e)(2). The probation office has recognized this error and has corrected it in the addendum to the PSR.

Paragraph 61 assigns two criminal history points for a one-year sentence imposed on January 17, 1997. Arguably, this sentence was imposed more than ten years prior to the defendant's commencement of the instant offense. In the PSR addendum, the probation office has deleted these two points.

As for the defendant's objection to the criminal history points assigned in paragraphs 62 through 64, those paragraphs reference sentences imposed in 1999 and 2001. Because these sentences were imposed within ten years prior to January 2007, they are properly counted. The defendant's objections to these three criminal history points are without merit.

The probation office's addendum makes one further change. At paragraph 70 of the original PSR, the defendant is assigned one criminal history point under U.S.S.G. § 4A1.1(c) for an eight-year sentence (suspended to 60 days) imposed in 2008. Due to the length of that sentence, two points should have been assigned under § 4A1.1(b) rather than just one, and the addendum makes that correction.

The PSR as originally written assigns a criminal history score of 10 and a criminal history category of V. After the above-cited adjustments, the defendant's criminal history score remains 10 and his criminal history category remains V. The objection to his criminal history calculation is thus overrulled as moot.

V.

Fair Sentencing Act

In his objections 8 and 16, the defendant argues that the Fair Sentencing Act of 2010 should be retroactively applied to him. However, the Sixth Circuit Court of Appeals has ruled that the Fair Sentencing Act does not apply to persons such as the present defendant who committed their crime prior to the enactment of the statute. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). *Carradine* remains the law of this circuit. *See, e.g., United States v. Ruff*, No. 08-4428, 2011 WL 4000852 (6th Cir. Sept. 9, 2011).

VI.

Conclusion

For the reasons provided herein, the defendant's objections to his PSR are **OVERRULED** in their entirety.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge